# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>DARNELL L. HAYES, SR.,<br><br>                        Defendant. | Case No. 97cr1214-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR FORGIVENESS OF COSTS**<br><br>[Doc. No. 135] |

      On April 7, 1998, a jury found Defendant Darnell L. Hayes, Sr. guilty of conspiracy to defraud the United States (Count 1), mail fraud (Counts 2-54), and tax fraud (Counts 55-57). *See* Doc. No. 76. On September 8, 1998, the Court sentenced Defendant to a 30-month term of imprisonment, three (3) years of supervised release, a $2,825.00 special assessment fee, and the costs of prosecution in the amount of $33,661.31. *See* Doc. No. 93. Defendant appealed the judgment of conviction and the United States Court of Appeals for the Ninth Circuit affirmed the judgment in an en banc opinion. *See* Doc. No. 119. Defendant served his custodial term and his term of supervised release, during which he reported to the United States Attorney's Financial Litigation Unit and paid installments on the judgment debt. *See, e.g.*, Doc. No. 122.

      Defendant has been summoned on several occasions over the years to appear before the Court at judgment debtor exams. *See* Doc. Nos. 123, 127-28. According to

Defendant, to date, he has "paid approximately $23,065 in prosecution and court costs." Doc. No. 135 at 5.[1] Defendant, proceeding *pro se*, now moves the Court for "forgiveness and compassion [sic] relief on the remaining prosecution costs and an immediate stop to the monthly deductions of $174.00" from his income. *Id*. at 6. As explained below, the Court lacks the authority to grant Defendant the requested relief.

The Attorney General of the United States is responsible for collecting "fines, penalties, costs, and other payments required under the sentence." 18 U.S.C. § 3612(c)(3). A court may "remit all or part of the unpaid portion" of a monetary penalty only "upon the petition of the Government showing that reasonable efforts to collect . . . are not likely to be effective." *Id*. § 3573. The current statutory scheme does not permit petitions by the defense, nor does it authorize remittitur by the Court *sua sponte*. *See, e.g.*, *United States v. Roper*, 462 F.3d 336, 341 (4th Cir. 2006) (holding that district courts may not *sua sponte* remit special assessments).

Furthermore, "forgiveness" of Defendant's unpaid balance by the Court arguably would require a reduction of the amount owed and a corresponding amendment of the judgment but there is no legal basis upon which to do so. This Court may only amend a judgment, as relevant here, pursuant to 18 U.S.C. § 3582(c), or Federal Rules of Criminal Procedure 35 or 36, none of which are applicable in this case. And to the extent Defendant's request could be construed as a collateral challenge to the judgment, the statute of limitations for bringing any such challenge has long since expired. *See* 28 U.S.C. § 2255(f).

Accordingly, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATE: November 12, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge

---

[1] Citations refer to the pagination assigned by the CM/ECF system.